Good morning, Your Honor. Nicole Larescu for Petitioner Bernard Crockett. I'll focus my arguments on the sufficiency of the evidence challenge, unless you'd like to hear about the confrontation clause issue. And as an initial matter, the rule that the state court relied upon in rejecting Mr. Crockett's sufficiency of the evidence challenge on his second appeal was applied unexpectedly to his case and therefore is inadequate as a matter of federal law. The rule was that a party may not raise a claim in a second appeal if that claim could have been raised in an earlier appeal. And the rule simply does not apply to Mr. Crockett's case because it was the court's action in rejecting or in reversing his conviction for attempted armed robbery in that first appeal that, in fact, gave rise to his sufficiency of the evidence challenge. I don't understand that argument for this reason. I thought that the state appellate court in vacating the attempted armed robbery conviction did exactly what Mr. Crockett wanted them to do. That is correct. He did ask that that be reversed. And his position now is that the necessary consequence of doing exactly what he asked them to do is also to require his acquittal on the murder charge. That's correct because it invalidated the underlying felony that provided the predicate for the felony murder conviction. Right. I understand the argument. We'll talk about the merits of that, but that seems, then, that that would have been perfectly apparent or should have been perfectly apparent to him at the time. I'm attacking the attempted robbery conviction, and if I win, then you also have to knock out my murder conviction. I think that the question is, you know, that while his attorney may have sort of seen that possibility playing out, whether or not he was required to put to, in the same appeal, raise that exact same issue, or whether, you know, he reasonably believed under Illinois law that when the case would have been remanded for resentencing and he would have, you know, his sentence imposed again and a final judgment entered, he could raise that next point, which was really, didn't take place until the first appeal was actually entered. This sounds like an invitation to repetitive appeals, however. And claim splitting, to use a civil concept. You know, we talk about joining all your arguments, even ones that are contingent on winning a first-tier argument. This is basically a second-tier argument about the effect of knocking out the armed robbery conviction and its consequences for whether the murder conviction could stand or not. There's nothing in Illinois law that required him to wait to bring that claim or, in fact, permitted him to wait. Quite the contrary. Illinois law permitted him to join all of those arguments in one direct appeal. I think that he reasonably believed under Illinois law that he was permitted to wait and raise that in a second appeal. Based on what? I think on cases that hold that an individual has a statutory right to file a direct appeal from a sentence centered on conviction. This isn't a question about whether he has the right to appeal. It's a question about preservation of arguments. The second appeal raised the argument that should have been brought in the first appeal and the court of appeals said it was waived. The court of appeals said it was waived and yet, I think that in the unique circumstances of this case, that was unexpected in Mr. Crockett's case because the issue when he was briefing his initial appeal was not yet right. And I don't think that... It's not a question of rightness. The issue is present. It is. It's just a second-tier argument about the consequences of knocking out the armed robbery conviction. That is correct. And it is an issue that is potentially might have come about as a result of his first appeal. And I don't... There's nothing might about it. It's in the case. If he wins his argument about the armed robbery conviction and the insufficiency under the corpus delicti doctrine, then so the argument goes, the murder conviction is invalid as well as the armed robbery conviction. That's correct. And that is why I'm saying that it has the potential to be raised as a result of that first appeal. And if it could potentially be raised, it had to be raised. Otherwise, it's waived. You don't get a second round. I think that it's not entirely clear under state law that that is the requirement. And I found it noteworthy that the state did not cite a case in its brief on which, in circumstances similar to these, in which the court had previously applied this appeal rule. And therefore, I think, arguably, it was applied unexpectedly to this case and does not necessarily result in greater efficiency because it encourages defendants really to stop their appellate briefs with arguments that may not actually have any relevance to the proceedings that are directly before that court at that time. But it's completely relevant if both convictions fall based on the insufficiency of the evidence of armed robbery, then that argument needs to be made. Yes. I understand that that was the position of the state appellate court's majority. I think that the dissenting opinion is really logically written and I think worthy of careful reading because I think that the logic inherent in that dissenting opinion of it really, the issue that the court is saying that he should have raised in the first appeal didn't actually arise except as a result of that appeal. On the merits, the argument about the sufficiency of the evidence, isn't it really just a quarrel with how the Court of Appeals understood state accountability law? I don't believe it is. I believe that the issue raised on the merits is squarely an issue under Jackson v. Virginia and that it's really, the question here is do the facts, do the facts as developed in front of this jury raise to accountability under the common design rule for first degree murder? And I find the Bates v. McCautry case from this court very instructive on that point. What is contemplated by Jackson is defendant contends that there is no basis on which a trier of fact could find Z, Z being one of the elements. In this case, what that point is that Mr. Crockett is saying that the court could not have found, no reasonable juror could have found, is that he was accountable under Illinois law, under its common design, common criminal design rule for the actions of Mr. Lamar here. And the reason for that is under the law of Illinois as settled law and when you try to fit the facts of this case into that settled law, even if arguably in the light most favorable to the state, Mr. Crockett was part of a common design for attempted armed robbery. At some point that... Well, that's obvious. Correct. That is in the light most favorable to the state, it is clear that he is. And if that is the case, at some point the principal's course of conduct veered away from that and into violence against the victim, which was never contemplated as part of the course of conduct that the two of them agreed to. But it doesn't have to be. It has to be a part of the same course of conduct that he agreed to participate in. Well, that's just a quote about some legal requirements. Well, but I think... Well, no, I think that's a settled legal requirement. Because that wouldn't be accountability. Accountability, that would be a conspiracy to murder this woman. So in this case, this court's decision in Monroe v. Davis, which cites abundant illiteracy... You do understand, don't you, accountability is separate from conspiracy? Yes. Well, now tell me what accountability is. So accountability arises in two ways. One is accountable under Illinois law, either if he shares the criminal intent of the principal or if there was a common criminal design. The state appellate court here focused on common criminal design. And I think that that's what we should take them at their word for and also focus on that. To be a part of the same common design, the common design rule extends not only to the crime that the two contemplated, but to any other offense that the principal commits within the same course of conduct. And that's where that rule comes from. So the common design is to rob this woman. Correct. And obviously, Lamar is armed, and Crockett knows that. So there's a risk, obviously, if you hold up a person with a gun, someone's going to get killed. It's just like, I don't know why it isn't felony murder, I don't really understand the difference between that and accountability. Seems to me it would be a felony murder case. Right. And if it was, which I think actually is what this was, this was a felony murder case. The jury found that he was liable for attempted armed robbery. So what's the appeal about? So the appeal is about that it cannot any longer be a felony murder case. The felony is out. Felony murder is out. And now, facts that the jury found supported that fact pattern are being stretched to something entirely different. I don't understand. Someone was murdered. Crockett agrees with Lamar to rob this woman, and Lamar's armed. Crockett obviously knows that. And you know, something goes wrong, and the victim is killed, which does happen in robberies. So isn't that typical felony murder? And if it is, then it is not an appropriate conviction in this case, because felony murder is no longer appropriate, an appropriate conviction for this defendant, because there is no underlying felony. And when you're talking about accountability, it's not that either. There is, of course, an underlying felony. There's the murder and the robbery. Well, there is no attempted armed robbery, and there is no evidence of robbery. So they didn't get her $650 or whatever? There's no evidence of that in the record at all. And the common criminal design did not extend toward harming the victim in any way. In fact, it doesn't have to. The uncontradicted evidence doesn't have to. I would say that it does under Illinois law. It sounds like what we're doing, though, is debating the scope of the Illinois law of accountability, which sounds like a question of state law. I think the law is clear, and I think the question is, do the facts here satisfy the law as clearly set forth in cases like Batchelor and in cases like People v. Perez, in which courts have declined to apply the accountability doctrine where the common design forked and became something different from what the defendant agreed to? Okay. Well, thank you, Ms. Wiesman. Mr. Kregel? Good morning. May it please the court, counsel? I'll be, I just have a couple of points in response. First, on the procedural default question, as Judge Hamilton pointed out, the fact that Petitioner could have raised his sufficiency claim in that first appeal was not a surprise. He knew he was asking for the court to knock out the armed robbery conviction, and if that was the consequence, it should have been argued in that first appeal. And in fact, in preparing for argument today, I looked back at the brief that was filed in that first appeal, and argument number one is you should knock out the attempted armed robbery, and argument number two is if you do that, then you have to send back the sentence on the murder conviction because the judge took into account the robbery conviction. So if Petitioner could foresee that second tier argument, he could have also foreseen the second tier sufficiency argument, and it needed to be raised under the first appeal rule. Turning to the merits of the sufficiency claim, as the court pointed out, Jackson versus Virginia asks whether the state has put forward enough evidence to prove all of the necessary facts for conviction. But it's a matter of state law, which facts are actually necessary. And so in this case, the Crockett 2 court said that the important fact to show that Petitioner is accountable for Lamar's shooting of the victim here, the important fact is that they shared an intent to commit a robbery. And under this court's decision in Bates versus McCautry, that decision is not reviewable in federal habeas. It's a question of state law. And so when you look at the actual evidence that supported that fact here, there's no question. And counsel has conceded that the state proved the intent to commit the robbery, and of course Petitioner confessed four times that he was the one who planned this robbery of his girlfriend and encouraged Lamar to bring the gun. Petitioner also contends that, well that should settle the case because Petitioner concedes that accountability is a basis for the conviction here. But he also argues that somehow when the court threw out the attempted armed robbery conviction that that also got rid of the felony murder, the possibility of the felony murder theory. But in fact, what the Crockett 1 court held was simply under Illinois' corpus delicti rule that the state had to have additional evidence that there was a robbery. And so it didn't implicate the murder conviction. But it does knock out the felony murder foundation, right? Well it does not. You don't have a valid conviction for any other felony. You don't have sufficient evidence of any other felony, right? Well the way that the felony murder rule works in Illinois is you have to have, you only have to have corroborating evidence of one particular point, and that is that the crime of conviction actually occurred. So for the attempted armed robbery there had to be some other evidence outside of the confession that there was a robbery. But for murder, the corpus delicti is that there was a murder, and the fact that a petitioner was involved in the murder is not something that has to be corroborated by independent evidence. The confession is enough. The confession is enough, that's right. If there are no further questions, we would ask that the district court be affirmed. Okay, thank you Mr. Kriegel. Ms. Lorescu, do you have anything further? I know that I was wildly over time on the first time up, so unless you have any further questions I will rest on the briefs. And you were appointed, were you not? I was, yes. Pardon? I was, yes. Yes, well we thank you for your time, and we thank Mr. Kriegel. Okay, next case.